AO 106 (Rev. 04/10) Application for a Search Warrant

AUSA F G

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
CELLULAR TELEPHONE ASSIGNED CALL NUMBER (614) 584-1513, UTILIZED BY LARRY SMITH, WITH SERVICES PROVIDED BY SPRINT

Case No. 2.20·mJ·775

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A to the Affidavit in Support of the Application, incorporated herein by reference.

located in the ———— Southern ———— District of ————————Ohio——————— , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B to the Affidavit in Support of the Application, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1956 (a)(1)(A)(i) | Laundering of monetary instruments |
| 21 U.S.C. § 841(a)(1) | possession with intent to distribute a controlled substance |
| 18 U.S.C. § 1956 (a)(1)(B)(i) | Laundering of monetary instruments with the intent to conceal or disguise the nature |

The application is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Samuel Chappell ATF TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/13/2020

City and state: Columbus, Ohio

_____
*Judge's signature*

Elizabeth Preston Deavers, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AUTHORIZATION TO OBTAIN LOCATION DATA CONCERNING CELLULAR TELEPHONE ASSIGNED CALL NUMBER (614) 584-1513, UTILIZED BY LARRY SMITH, WITH SERVICES PROVIDED BY SPRINT, A WIRELESS TELEPHONE SERVICE PROVIDER HEADQUARTERED AT 6480 SPRINT PARKWAY OVERLAND PARK, KS 66251 | Case No. _____<br><br>**Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Samuel Chappell, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant under

Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the

location of the cellular telephone assigned call number(614) 584-1513, with listed subscriber(s)

Larry SMITH (the "Target Cell Phone"), whose service provider is **Sprint**, a wireless telephone

service provider headquartered at 6480 Sprint Parkway Overland Park, KS 66251.The Target

Cell Phone is described herein and in Attachment A, and the location information to be seized is

described herein and in Attachment B.

2.      I am a Columbus Ohio Police Office (Columbus Police Department) currently

assigned as a Task Force Officer (TFO) with the bureau of Alcohol Tobacco and Firearms

(ATF). The Columbus Division of Police has employed me since 2007.  My responsibilities as a

Task Force Officer include the investigation of violent criminal street gangs, narcotics

traffickers, money launders, and firearm related crimes. I have participated in the execution of search warrants and arrests related to the above-referenced offenses. By virtue of my experience and training, I am familiar with cellular telephone search warrants. Throughout this affidavit, reference to "investigators" specifically refers to criminal investigators

3. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 1956 (a)(1)(A)(i) (Laundering of monetary instruments with the intent to promote the carrying on of the specified unlawful activity), 18 U.S.C. § 1956 (a)(1)(B)(i)(Laundering of monetary instruments with the intent to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity) and 21 U.S.C. § 841(a)(1) (possession with intent to distribute a controlled substance) have been committed and are being committed by Larry SMITH. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations.

2

6.     The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711.  Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i);

## PROBABLE CAUSE

7.     This affidavit is submitted for the limited purpose of establishing probable cause in and therefore contains only a summary of the relevant facts. I have not included each and every fact that I, or others, have learned during the course of this investigation.   The information set forth in this affidavit is based on my own participation in the investigation, information I have received from other law enforcement officials and from my other agents' analysis of documents and records relating to this investigation. As one of the case agents on this investigation, I am familiar with the investigative efforts of other agents/Columbus Police Detectives who have worked on this investigation.  Further, I am familiar with the evidence gathered through the issuance of search warrants, subpoenas, and information provided to myself and other agents by cooperating individuals and informants.

8.     The United States, including the bureau of Alcohol Tobacco and Firearms (ATF) is conducting a criminal investigation of Larry SMITH for violations 18 U.S.C. § 1956 (a)(1)(A)(i) (Laundering of monetary instruments with the intent to promote the carrying on of the specified unlawful activity) 18 U.S.C. § 1956 (a)(1)(B)(i)(Laundering of monetary instruments with the intent to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity)  and 21 U.S.C. § 841(a)(1) (possession with intent to distribute a controlled substance) .

3

9.     As more fully established below, probable cause exists to believe that Larry SMITH is a drug trafficker and that Larry SMITH likely launders his drug proceeds through at least one bank account.  However, law enforcement does not know exactly where and how Larry SMITH sells his drugs, the location where Larry SMITH stores his drugs, the identities of all of Larry SMITH's customers, or whether he launders drug proceeds through any other financial institutions.  Therefore, there is probable cause to believe that knowing Larry SMITH's location, and being able to possibly discover patterns of movement for Larry SMITH, will assist law enforcement in determining these unknown pieces of information

10.     SMITH has three felony convictions that can carry a punishment of more than one year in prison.

a. Franklin County Court of Common Pleas Case 08CR007256 for Carrying a Concealed Weapon.

b. Franklin County Court of Common Pleas Case 09CR003172 for Robbery and Participating in a Criminal Gang.

c. United States District Court for the Southern Judicial District of Ohio Case 2:15CR138 21 U.S.C. 841(a)(1) Possession with Intent to Distribute 28 grams or More of Cocaine Base.

11.     On or about February 26, 2015 a uniformed CPD officer observed a white Dodge Challenger make a traffic violation. When the officer turned around and caught up to the Challenger he observed the vehicle parked but with the engine still running and SMITH walking away from it. After obtaining SMITH's information SMITH was arrested for driving without a license. During a search incident to arrest a small baggie of marijuana was found as well as the keys to the Challenger. During an inventory search of the Challenger officers found a black bag on the passenger seat. The black bag contained multiple baggies, a scale, and baggies containing

4

suspected narcotics. The suspected narcotics were sent to the Columbus Division of Police Laboratory where a drug identification was conducted. The lab determined that the bags contained approximately 80.7 grams of cocaine base.

12.     On July 17, 2019 a search warrant was executed at 1907 Solera Drive Apt B. Columbus Ohio 43229 by the Columbus Police Department. 1907 Solera Drive Apt B is the home of Markos Johnson. Inside the home at the time of the search warrant were Johnson, Larry SMITH, and Abdirashid Botan. During a search of the residence investigators recovered US Currency, several pounds of marijuana, jewelry, scales, narcotics packaging material, a baggie containing approx. 7 grams of fentanyl, a Glock 43 handgun, and ammunition. The baggie of fentanyl was located under SMITH's body.

13.     On or about March 4, 2020 SMITH was present at 858 Garden Terrace Rd. Columbus, Ohio when a search warrant relating to narcotics activity was executed by Columbus Police at this residence. Upon his arrival SMITH was observed by police officers carrying a backpack into the residence. After executing the search warrant, investigators found illegal narcotics, the backpack SMITH had been observed carrying into the residence, cellphones, and several people inside the home including SMITH.

14.     Officers recovered $10,000 in US Currency inside of the back pack. SMITH upon being read his rights stated he did arrive with a back pack. Larry SMITH stated the money was his and he just received his income tax return in the amount of $8300. Illegal narcotics were recovered pursuant to this search warrant.  SMITH was also asked about being present in 2 additional recent narcotics raids and he stated the people he hangs out with are drug dealers.

15.     Additionally Larry SMITH stated he is part of SNP (Short north Posse) and has claimed this gang for years. SMITH stated he did not get involved with any of the acts the gang

was involved in but was just associated with the gang. SMITH did claim to be part of SNP and did not try to disassociate himself with the gang.

16.     On or about September 26, 2018 Larry SMITH filed Domestic for Profit LLC-Articles of Organization paperwork with the Ohio Secretary of State's office for a business he named Larry's Cleaning LLC. Your affiant is aware based upon other cases he has been involved with in the past that narcotics dealers will many times file business paper work forming a business in an attempt to legitimize their illegal income. Likewise as set forth in paragraph 24 they will report no income for tax purposes as it relates to this business entity.

17.     During the interview with police on March 4, 2020 SMITH provided the following information relating to Larry's Cleaning LLC. Larry SMITH stated he was self-employed and had his own cleaning company. SMITH stated he had a work van for the company but did not really know what kind of van it was. SMITH stated he cleaned a few companies and named HILTI and ENCHANTED CARE in Powell as well as a trucking company but did not know the name of the trucking company. When asked about where the trucking company was located he was not able to tell officers where it was exactly but said it was on the west side of Columbus. Officers asked SMITH where he purchased his cleaning supplies and he stated that the companies he cleaned for provided the supplies for him. SMITH stated he made approximately $2000 per month from the cleaning company.

18.     SMITH stated he worked at Enchanted Care Monday through Friday each week and he was the one that cleaned the business and on occasion his sister would help him. On March 5, 2020 Columbus Police Officer Daugherty called the Enchanted Care in Powell and spoke with the manager there who stated they use Olympus cleaning company and Olympus uses their own cleaning supplies to clean the day care.

6

19.     A search warrant was later executed on the cellphone belonging to SMITH which was recovered on or about March 4, 2020. The phone number assigned to the phone recovered from SMITH was found to be (614) 584-1513. Investigators found multiple text messages from and to SMITH discussing the sale of illegal narcotics. For example on or about March 1, 2020 SMITH messages an unknown person "get it here with the small bags Nd I'll buy two". A reply message is sent stating "I didn't bring enough I got a pound of moon rock and runtz pig" (pig is slang for a pound). SMITH responds "I only got like a band on my cash app bra but if you do get a chance to get it I'll pay a lil extra".

20.     On or about January 31, 2020 SMITH appears to be negotiating a deal on marijuana for the price of $700.00.

21.     On or about February 25, 2020 SMITH send a message stating "bring that bread and another pig" (bread is commonly used as slang for money).

22.     A video found on SMITH's phone shows him counting money beside a bed. On the bed is what appears to be bags of illegal narcotics.

23.     Based upon previous contacts with Larry SMITH to include arrests, traffic stops, and surveillance, at no point does any evidence exist of Larry SMITH being gainfully employed.

24.     During the course of this investigation Larry SMITH'S tax filing history was obtained from the Ohio Department of Taxation. The results of which showed Larry SMITH has not filed any personal income tax returns from 2015 to 2019 or any business tax returns from 2015 to 2020. Which is further evidence of Larry SMITH'S lack of gainful employment. Based upon your affiant's experience and training Larry SMITH'S lack of tax filing history combined with his known narcotics trafficking is consistent with individuals involved with illegal money laundering.

25. On or about June 24, 2020 Larry SMITH purchased real property located at 1570 Duxberry Avenue Columbus, Ohio for $15,000 (no mortgage noted).

26. Larry SMITH maintained a saving and checking account at Education First Credit Union during 2019 and 2020. Investigators obtained SMITH's banking records from his account at Education First Credit Union. During 2019 and 2020 Larry SMITH's savings account reflected $1,326.32 in total deposits; $1,326 were cash deposits and the remaining thirty-two cents were interest deposits. During 2019 and 2020. Larry SMITH'S checking account reflected total deposits of $114,247.90. Of those deposits, $62,344.33 were ACH deposits, $4,940 were ATM; $25,162 were cash and various deposits.

27. The total deposits to Larry SMITH's Education First Credit Union accounts totaled: $115,574.22. SMITH's deposits are not consistent with legitimate income as reflected by his lack of any Ohio State tax filing history.

28. The following photographs were posted to a public social media account investigators believe is maintained by Larry SMITH. Several photos show SMITH with large amounts of cash in his possession:



Posted September 30, 2020

8



Posted September 15, 2020

29. SMITH was arrested July 17, 2019 during the arrest SMITH provided arresting officers with his phone number of (614) 584-1513. SMITH has made contact with Columbus Division of Police detectives utilizing the phone number of (614) 584-1513.

30. On or about September 4, 2020 detectives with CPD were advised by a Confidential Informant (CI) that SMITH was using the phone number (614) 584-1513.

31. In my training and experience I have learned that it is common for narcotics traffickers to maintain a cell phone and to consistently carry their cellphone with them. Narcotics traffickers use cellphones as a means to setup deals with suppliers and purchasers. By tracking SMITH's phone which investigators believe is carried on his person daily, investigators will be able to monitor his location to document suspected narcotics transactions, visits to financial intuitions, and if he goes to locations consistent with operating a legitimate cleaning business.

9

32.     In my training and experience, I have learned that SPRINT is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. [Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

33.     Based on my training and experience, I know that Sprint can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on Sprint's network or with such other reference points as may be reasonably available.

34.     Based on my training and experience, I know that SPRINT can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1)

10

the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as SPRINT typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

35.    Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

36.    I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

11

37.     I further request that the Court direct SPRINT to disclose to the government any information described in Attachment B that is within the possession, custody, or control of SPRINT. I also request that the Court direct SPRINT to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference Sprint's services, including by initiating a signal to determine the location of the Target Cell Phone on Sprint's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Sprint for reasonable expenses incurred in furnishing such facilities or assistance.

38.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

39.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.]]

Respectfully submitted,

Samuel Chappell
Task Force Officer
ATF

Subscribed and sworn to before me on _November 13_, 20_20_

12



UNITED STATES MAGISTRATE JUDGE

13

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number (614) 584-1513, whose wireless service provider is Sprint, a company headquartered at 6480 Sprint Parkway Overland Park, KS 66251

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of Sprint.

# ATTACHMENT B

## Particular Things to be Seized

### I. Information to be Disclosed by the Provider

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Sprint, Sprint is required to disclose the Location Information to the government. In addition, Sprint must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Sprint's services, including by initiating a signal to determine the location of the Target Cell Phone on Sprint's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Sprint for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

### II. Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 1956 (a)(1)(A)(i) (Laundering of monetary instruments with the intent to promote the carrying on of the specified unlawful activity) 18 U.S.C. § 1956 (a)(1)(B)(i)(Laundering of monetary instruments with the intent to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity) and 21 U.S.C. § 841(a)(1) (possession with intent to distribute a controlled substance) involving Larry SMITH

2